NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JOHN BRIAN SCHEFFLER, | : | |
| Plaintiff, | : | Civil Action No. 13-3259 (ES) |
| v. | : | OPINION |
| STATE OF NEW JERSEY, et al., | : | |
| Defendants. | : | |

**SALAS**, **District Judge**

Plaintiff John Brian Scheffler ("Plaintiff"), a pre-trial detainee confined at Warren County Correctional Center in Belvidere, New Jersey at the time of filing, seeks to bring this action *in forma pauperis*. Based on his affidavit of indigence, the Court will grant Plaintiff's application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to file the complaint.

At this time, the Court must review the complaint, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Court concludes that the Complaint should be stayed in part pending conclusion of Plaintiff's related state criminal proceedings.

# I. BACKGROUND

The following factual allegations are taken from the complaint, and are accepted for purposes of this screening only. The Court has made no findings as to the veracity of Plaintiff's allegations.

Plaintiff names the State of New Jersey, County of Union, City of Elizabeth, Elizabeth County Police Department and Officer Francisco Croban as defendants in this action. Plaintiff alleges that on August 11, 2011, Officer Francisco Croban arrested him without probable cause at Trinitas Hospital in Elizabeth, New Jersey. (D.E. No. 1 ("Compl.") ¶ 6). Plaintiff further alleges that Defendant Croban swore to an arrest warrant that he knew contained false statements. (*Id.*).

Plaintiff submitted several documents attached to his complaint, including Officer Croban's Investigation Report from the night of Plaintiff's arrest. (Compl. at 7). According to the report, Defendant Croban and Officer Arias were called to a restaurant based upon a report of a disorderly person. (*Id.*). Once they arrived, they saw Plaintiff's brother shaking on the ground, with a heroin crack pipe in his hand. (*Id.*). Plaintiff's brother was taken to Trinitas Hospital to be treated for his overdose. (*Id.* at 8). Trying to find identification for him, Defendant Croban took Plaintiff's brother's car keys and went to the parking lot. (*Id.* at 7). After locating the car but before entering the vehicle, Defendant Croban observed two rifles in plain view. (*Id.*). The vehicle was then towed back to police headquarters. (*Id.* at 8). The car was registered to an individual in Blairstown, New Jersey and when officers went to the address, it was clear that the house had been burglarized. (*Id.*). After he received a call from hospital personnel, Plaintiff arrived at the hospital. (*Id.*). After the officers confirmed that

Plaintiff had been with his brother at the restaurant prior to his brother's shaking incident, they arrested Plaintiff for receiving stolen property. (*Id.*).

Plaintiff also attached the arrest warrant to his Complaint. In the arrest warrant signed by Defendant Croban, he stated that Plaintiff was in possession of the stolen vehicle at the time of his arrest. (*Id.* at 9). Plaintiff is seeking monetary damages. (Compl. ¶ 7).

## II. DISCUSSION

**A. Legal Standard**

**1. Standards for a *Sua Sponte* Dismissal**

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 28 U.S.C. § 1997e. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A because Plaintiff is a prisoner who is proceeding as an indigent.

According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive *sua sponte* screening for failure to state a claim[1], the complaint must allege

---

[1] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal

3

"sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 483 n.17 (3d Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

**2. Section 1983 Actions**

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

---

Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 28 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

## B. Analysis

### 1. Merits of the Complaint

It is well established in the Third Circuit that an arrest without probable cause is a Fourth Amendment violation actionable under § 1983. *See Berg v. Cnty of Allegheny*, 219 F.3d 261, 268–69 (3d Cir. 2000) (collecting cases); *see also Albright v. Oliver*, 510 U.S. 266, 274 (1994) (a section 1983 claim for false arrest may be based upon an individual's Fourth Amendment right to be free from unreasonable seizures). To state a Fourth Amendment claim for false arrest, a plaintiff must allege two elements: "(1) that there was an arrest; and (2) that the arrest was made without probable cause." *James v. City of Wilkes–Barre*, 700 F.3d 675, 680 (3d Cir. 2012) (citing *Groman v. Twp. of Manalapan*, 47 F.3d 628, 634 (3d Cir. 1995) and *Dowling v. City of Phila.*, 855 F.2d 136, 141 (3d Cir. 1988)). Probable cause exists "whenever reasonably trustworthy information or circumstances within a police officer's knowledge are sufficient to warrant a person of reasonable caution to conclude that an offense has been committed by the person being arrested." *United States v. Myers*, 308 F.3d 251, 255 (3d Cir. 2002) (citing *Beck v. State of Ohio*, 379 U.S. 89, 91 (1964)).

"[A]n arrest warrant issued by a magistrate or judge does not, in itself, shelter an officer from liability for false arrest." *Wilson v. Russo*, 212 F.3d 781, 786 (3d Cir. 2000) (citing *Sherwood v. Mulvihill*, 113 F.3d 396, 399 (3d Cir. 1997)). A plaintiff may succeed in an action for false arrest made pursuant to a warrant if the plaintiff shows "(1) that the officer knowingly and deliberately, or with a reckless disregard for the truth, made false statements or omissions that create a falsehood in applying for a warrant; and (2) that such statements or omissions are material, or necessary, to the finding of probable cause." *Id.* at 786-87 (quotations omitted). This two-part test helps ensure that a police officer does not "make unilateral decisions about the

5

materiality of information, or, after satisfying him or herself that probable cause exists, merely inform the magistrate or judge of inculpatory evidence." *Reedy v. Evanson*, 615 F.3d 197, 213 (3d Cir. 2010) (quoting *Wilson*, 212 F.3d at 787).

In this case, Defendant Croban stated in his police report that the stolen vehicle had been towed from the restaurant to police headquarters hours before Plaintiff came to the hospital to see his brother. But, in the application for the arrest warrant, Defendant Croban stated that Plaintiff was in possession of the vehicle at the time of his arrest. Plaintiff's allegations are sufficient to allow his claim for false arrest against Defendant Croban to proceed past *sua sponte* screening.

With regard to the remainder of the Complaint, the claims against Defendants State of New Jersey and Elizabeth Police Department shall be dismissed with prejudice as neither are considered a "person" under 42 U.S.C. § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989); *Draper v. Darby Tp. Police Dept.*, 777 F.Supp.2d 850, 856 (E.D. Pa. 2011); *PBA Local No, 38 v. Woodbridge Police Dept.*, 832 F. Supp. 808, 825-26 (D.N.J. 1993); *McCauley v. Univ. of the Virgin Islands*, 618 F.3d 232, 214 (3d Cir. 2010). The claims against Defendants County of Union and City of Elizabeth shall be dismissed without prejudice because neither the county nor the city can be found liable under § 1983 simply because they employ wrongdoers, which is the only allegation Plaintiff makes against said Defendants. *See Monell v. Dept, of Social Services of City of New York*, 436 U.S. 658, 691-92 (1978).

**2. Stay**

Since Plaintiff is a pretrial detainee, subject to pending criminal proceedings in state court, the Court will stay this federal § 1983 action pending completion of the state criminal case.

"If a plaintiff files a false-arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended." *Wallace v. Kato*, 549 U.S. 384, 393-94 (2007).

In deciding whether to grant a stay of a civil case where there are pending criminal proceedings, the Court should consider the following factors:

> 1) the extent to which the issues in the criminal and civil cases overlap;
> 2) the status of the case, including whether the defendants have been indicted;
> 3) the plaintiff's interest in proceeding expeditiously weighed against the prejudice to plaintiff caused by a delay;
> 4) the private interests of and burden on defendants;
> 5) the interests of the court; and
> 6) the public interest.

*Walsh Sec., Inc. v. Cristo Prop. Mgmt., Ltd.*, 7 F. Supp. 2d 523, 526-27 (D.N.J. 1998) (citation omitted).

In the present case, a civil challenge to the constitutionality of the arrest likely would be related to the issues being tried in the criminal case. Further, a stay poses no discernible prejudice to Plaintiff because his rights are preserved under the statute of limitations. Any burden on Defendants arising from a stay can be minimized by serving the Complaint at this time, in order to alert the Defendants to the pendency of the action and the need to obtain counsel and to preserve evidence and witnesses. Finally, the interests of the court and the public interest are served by permitting the state criminal court, in the first instance, to determine the constitutionality of the searches. *Cf. Younger v. Harris*, 401 U.S. 37 (1971) (stating that it is not generally the role of the federal courts to interfere in pending state judicial proceedings; a federal court must abstain from addressing requests for injunctive relief against state court

proceedings so long as the constitutional issues involved may be addressed adequately in the course of the state proceedings).

Therefore, this Court will allow the claim of alleged false arrest to proceed, but stay the action until Plaintiff's state criminal proceedings are concluded. The Court will administratively terminate this case rather than dismiss the action while the stay is imposed pending resolution of the state criminal proceedings. The administrative termination operates so as to preserve Plaintiff's rights under the statute of limitations. Plaintiff may seek to lift the stay and re-open this case within 45 days from the completion of the state court proceedings regarding the criminal charges.

## III. CONCLUSION

For the reasons stated above, Plaintiff's claims against Defendant State of New Jersey and the Elizabeth Police Department shall be dismissed with prejudice. The claims against Defendants County of Union and City of Elizabeth shall be dismissed without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). Plaintiff's false arrest claim shall proceed as against Defendant Croban, but the case will be administratively terminated until Plaintiff's state criminal proceedings are completed. The Clerk of the Court will be directed to serve a copy of the Complaint and this Opinion and accompanying Order upon Defendants by regular U.S. mail, and close the case accordingly. Plaintiff shall have 45 days from completion of the state criminal proceedings to file a request seeking to lift the stay and re-open this matter. An appropriate order follows.

*/s/ Esther Salas*
**Esther Salas, U.S.D.J.**